UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| JOSHUA THOMAS FRIAR, | Case No. 2:22-cv-00304-AA |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| KEVIN JACKSON, Superintendent TRCI; JEFF DARCY, Asst. Mgr. TRCI Physical Plant; JUSTIN STARK, Mgr. TRCI Physical Plant; ADAM KELLY, Physical Plant Coordinator; JOHN DOE 2-10, Defendants to be Discovered, | |
| Defendants. | |

AIKEN, District Judge.

Plaintiff, an adult in custody (AIC) at Two Rivers Correctional Institution (TRCI), filed suit pursuant to 42 U.S.C. § 1983 and alleged that Defendants exhibited deliberate indifference to his health in violation of the Eighth Amendment. The parties now move for summary judgment. Plaintiff fails to present evidence that Defendants knowingly disregarded a substantial risk to his health, and Defendants' motion is GRANTED.

1 -   OPINION AND ORDER

DISCUSSION

In the fall of 2020, the Oregon Department of Corrections (ODOC) began a construction project to replace showers in TRCI housing units. Ridley Decl. Ex. 1 at 8. An AIC work crew, supervised by TRCI Physical Plant staff, demolished the existing showers and an outside contractor constructed new showers. *Id.*; Kelley Decl. ¶ 5. Plaintiff was housed in the TRCI Mental Health Unit (MHU) and the replacement of MHU showers occurred between October 8, 2020 and December 7, 2020. Stark Decl. ¶¶ 3, 8. Plaintiff alleges that the shower replacement project produced clouds of silica dust that permeated MHU cells.

In this action, Plaintiff claims that Defendants disregarded a known and substantial risk to his health in violation of the Eighth Amendment and conspired to violate his civil rights when they failed to ensure that AICs were not exposed to silica dust. All parties move for summary judgment on Plaintiff's claims.

To prevail on their motions, the respective parties must show "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of establishing the absence of any genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once this initial burden is met, the burden shifts to the non-moving party to demonstrate an issue of fact to be tried. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *see* Fed. R. Civ. P. 56(c)(1). On cross-motions for summary judgment, the Court considers each motion separately and considers party's motion on its own merits. *Fair Housing Council of Riverside County, Inc. v. Riverside Two*, 249 F.3d 1132, 1136 (9th Cir. 2001).

The Court must construe the evidence and all reasonable inferences in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 255 (1986). The Court

"does not weigh the evidence or determine the truth of the matter, but only determines whether there is a genuine issue for trial." *Balint v. Carson City*, 180 F.3d 1047, 1054 (9th Cir. 1999). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec*, 475 U.S. at 587 (citation and quotation marks omitted).

    A.  <u>Eighth Amendment Claim</u>

"A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." *Farmer v. Brennan,* 511 U.S. 825, 828 (1994). A deliberate indifference claim requires proof of objective and subjective elements. To satisfy the objective element, Plaintiff must show that the environmental hazard of silica dust posed an unreasonable or substantial risk of serious harm. *Farmer*, 511 U.S. at 834; *Helling v. McKinney,* 509 U.S. 25, 35 (1993). To satisfy the subjective element, Plaintiff must show the named Defendants exposed him to that risk with deliberate indifference, i.e., that Defendants were aware of the substantial risk to Plaintiff's health and disregarded that risk. *Farmer*, 511 U.S. at 834, 838, 847.

Deliberate indifference may be established through an "inference from circumstantial evidence" or "from the very fact that the risk was obvious." *Id.* at 842. Plaintiff must show that Defendants were "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists" and that they drew the inference. *Id.* at 837. "[A]n official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot…be condemned as the infliction of punishment." *Id.* at 838.

Plaintiff fails to present evidence showing that the shower replacement project exposed him to a substantial risk of harm or that Defendants deliberately disregarded that risk.

3 -    OPINION AND ORDER

TRCI Physical Plant staff relied on a Respirable Silica Control Plan when implementing measures to contain the dust generated by the shower project. Stark Decl. ¶¶ 4-5 & Ex. 1. The containment measures included enclosing the construction area with plastic barriers, utilizing a "wet" method of demolition to minimize dust generation, installing dust collectors on equipment, and employing air abatement machines. *See* Hancock Decl. ¶ 2 & Ex. 1 at 1; Stark Decl. ¶ 5 & Ex. 1 & Ex. 2 at 1-11, 21, 24-31, 33-34, 37-38, 44-46, 49-54; Kelley Decl. ¶¶ 5-6 & Ex. 1; Ridley Decl. Ex. 1 (photographs of mitigation measures). The demolition work was scheduled for fewer than four hours per day, and at the end of each workday, an AIC work crew removed debris and materials and mopped the floors of common areas to remove any dust. Stark Decl. Ex. 1 at 3; Kelley Decl. ¶ 6. According to Defendants, AICs were allowed to leave the MHU and go outside during most of the construction. Stark Decl. ¶ 8 & Ex. 3.

Plaintiff does not dispute that Defendants implemented measures intended to mitigate the effects of the construction project. However, Plaintiff disputes the efficacy of those measures and claims that Defendants failed to ensure that the measures effectively contained silica dust and that AIC workers complied with the mitigation plan. Specifically, Plaintiff contends that the plastic barriers around the construction area "were left wide open" and allowed dense "clouds of dust" to drift throughout the MHU and AIC cells. *See* Pl.'s Decl. ¶ 5 (ECF No. 80). Plaintiff also maintains that AICs were not allowed to leave the MHU during the project and that he was denied clean bedding and clothing. Pl.'s Decl. ¶¶ 6, 9, 18, 20. Given the circumstances, Plaintiff argues that this case is analogous to *Wallis v. Baldwin*, 70 F.3d 1074 (9th Cir. 1995), where the Ninth Circuit found that the defendants exposed the plaintiff to a substantial risk of harm when he was "required to clean prison attics without any protection from exposed asbestos" in an area that lacked outside ventilation. *Id.* 1075-76. I am not persuaded.

Plaintiff was not a member of work crew removing material, such as asbestos, that "medical science has not established any minimum level of exposure" to be safe. *Id.* at 1076 (citing the Congressional finding in 20 U.S.C. §§ 3601(a)(3), 4011(a)(3)). Unlike the defendants in *Wallis*, Defendants here provided protective gear to AIC workers and implemented mitigation measures to protect other AICs from dust exposure, and Plaintiff presents no evidence that he requested protective gear or additional containment measures. *See* Hancock Decl. ¶ 2 & Ex. 1 at 1; Stark Decl. ¶ 5 & Ex. 1 & Ex. 2 at 1-11, 21, 24-31, 33-34, 37-38, 44-46, 49-54; Kelley Decl. ¶¶ 5-6 & Ex. 1; Ridley Decl. Ex. 1. Further, no evidence suggests that the named Defendants personally prevented Plaintiff and other AICs from leaving the MHU during the project or denied Plaintiff new bedding or access to laundry services. *See, e.g., Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (stating that liability under § 1983 arises upon a showing of personal participation by each defendant); *see* Stark Decl. ¶ 8; Kelley Dec. ¶ 4.

Plaintiff also presents no evidence that he was exposed to unhealthy levels of silica dust. No medical record suggests that Plaintiff has a serious medical condition arising from exposure to silica dust, and a medical report authored in September 2021 did not reference Plaintiff's alleged exposure and instead discussed shortness of breath Plaintiff experienced after contracting COVID-19. Pl.'s Decl. Ex. 4.

Finally, Plaintiff fails to present evidence showing that Defendants knew of his concerns. *See* Stark Decl. ¶¶ 10-11; Kelley Decl. ¶¶ 7-8. The MHU shower project began in October 2020, and Plaintiff did not file a grievance or complaint about the project until December 9, 2020, after the MHU demolition work was completed.[1] *E.g.,* Kelley Decl. ¶ 3; Pl.'s First Am. Compl. Ex. 1

---

[1] Plaintiff disputes this assertion and argues that he submitted several informal inmate communications, or kytes, in an attempt to communicate with Defendants Stark and Darcy. Plaintiff failed to submit evidence of kytes addressed to any of the Defendants, even though he

5 -    OPINION AND ORDER

at 11. TRCI received one other complaint about the shower demolition on December 7, 2020, made to the Occupational Safety and Health Administration (OSHA). Ridley Decl. ¶ 4 & Ex. 1. In response, TRCI officials described the demolition project and related mitigation measures, and OSHA stated that it would take no further action unless it received additional complaints. *Id*. Ex. 1 at 13. TRCI did not receive notice of any additional complaints. *Id.* ¶ 5.

In sum, no evidence of record plausibly suggests that Defendants knew that the construction project exposed AICs to a substantial risk of harm. Plaintiff instead relies on unsupported and conclusory assertions, and it is well established that "mere allegation and speculation do not create a factual dispute for purposes of summary judgment." *Nelson v. Pima Comty. College*, 83 F.3d 1075, 1081-82 (9th Cir. 1996). The undisputed facts fail to show that Defendants knowingly disregarded a substantial risk to Plaintiff's health.

Even if Plaintiff raised a genuine issue of material fact regarding deliberate indifference, Defendants are entitled to qualified immunity.

"Qualified immunity attaches when an official's conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *White v. Pauly,* 580 U.S. 73, 78-79 (2017) (per curiam). Determining the application of qualified immunity "involves two inquiries: (1) whether, taken in the light most favorable to the party asserting the injury, the facts alleged show the official's conduct violated a constitutional right; and (2) if so, whether the right was clearly established in light of the specific context of the case." *Robinson v. York*, 566 F.3d 817, 821 (9th Cir. 2009).

---

submitted kytes regarding other matters, and Defendants have no record of kytes submitted to Stark or Darcy. Stark Decl. ¶¶ 10-11; Kelley Decl. ¶¶ 7-8.

Regardless, documents submitted by Plaintiff indicate that he sent kytes to Stark and Darcy in the summer of 2021, long after the shower project was completed in the MHU. Pl.'s Decl. Ex. 6 at 6.

6 -    OPINION AND ORDER

"[T]he clearly established right must be defined with specificity," *City of Escondido v. Emmons*, 139 S. Ct. 500, 503 (2019) (per curiam), and "'particularized' to the facts of the case." *White*, 580 U.S. at 79, such that "every reasonable official would have understood that what he is doing violates that right." *Reichle v. Howards,* 566 U.S. 658, 664 (2012) (brackets and quotation marks omitted). When so applied, qualified immunity "gives government officials breathing room to make reasonable but mistaken judgments about open legal questions" and "protects 'all but the plainly incompetent or those who knowingly violate the law.'" *Ashcroft v. al-Kidd*, 563 U.S. 731, 743 (2011) (citation omitted).

Plaintiff cites no controlling precedent upholding a claim for deliberate indifference based on the alleged inadequacy of dust mitigation measures implemented during a prison construction project. Plaintiff fails to raise a genuine issue of material fact and summary judgment is granted.

    B.  <u>Conspiracy to Violate Civil Rights</u>

Plaintiff also alleges that Defendants conspired to violate his civil rights. "A civil conspiracy is a combination of two or more persons who, by some concerted action, intend to accomplish some unlawful objective for the purpose of harming another which results in damage." *Gilbrook v. City of Westminster*, 177 F.3d 839, 856 (9th Cir. 1999) (citation omitted). To prove a civil conspiracy, Plaintiff must show that "the conspiring parties reached a unity of purpose or a common design and understanding, or a meeting of the minds in an unlawful arrangement." *Id.* (internal quotation marks omitted).

Plaintiff presents no evidence whatsoever suggesting that Defendants reached a "meeting of the minds" and intended to harm Plaintiff through their oversight of the shower demolition project. Summary judgment is granted on this claim.

7 -   OPINION AND ORDER

## CONCLUSION

Defendants' Motion for Summary Judgment (ECF No. 62) is GRANTED and Plaintiff's Motion for Summary Judgment (ECF No. 50) is DENIED. This action is DISMISSED. Any appeal of this Order or Judgment dismissing this action would be frivolous or not taken in good faith, and Plaintiff's IFP status is REVOKED.

IT IS SO ORDERED.

DATED this  19th  day of December, 2023.

                                          /s/Ann Aiken
                                       ANN AIKEN
                           United States District Judge